**340**

496 P.2d 260

**Margaret BEARDALL, Plaintiff and Appellant,**

v.

**Brian MURRAY, Defendant and Respondent.**

**No. 12539.**

Supreme Court of Utah.

April 19, 1972.

Howard & Lewis, S. Rex Lewis, Provo, for plaintiff and appellant.

L. E. Midgley, Salt Lake City, for defendant and respondent.

HENRIOD, Justice.

Appeal from a no-cause-of-action verdict and judgment in an auto collision case. Affirmed with costs to defendants.

Facts favoring the judgment and believable by the jury, may be recited as follows: Plaintiff, driving on a striped highway, stopped to let her friend out at the latter's home. Plaintiff left to drive into the driveway of her own home about 130 feet up the road, but on the other side thereof. Defendant, traveling in the same direction and approaching plaintiff's car, sounded his horn before attempting to pass on the left. He collided with plaintiff's

car as she was turning left across the street toward her driveway at 5 to 10 m. p. h. As defendant was about to pass he saw one flash of a signal blinker,—too late to stop. A city policeman investigated shortly thereafter and established the point of impact, position of the vehicles and other physical facts, about which he testified. In contrast, a witness for plaintiff, who was an experienced investigator, visited the scene about four months later, and based upon what he had heard, gave an opinion as to point of impact. He arrived at his conclusion by use of a formula relating to the physics of a hypothetical case, based on weights, speeds of vehicles, angles of travel, etc. which were not shown to be connected with those extant here. Under such circumstances, we cannot conclude that the court erred, as claimed on appeal, in sustaining an objection to the introduction of such testimony,—and we so hold.

Plaintiff urges two other points on appeal: 1) That the jury was prejudiced in not awarding general damages to plaintiff. We conclude that such circumstance is of no moment here in light of the no-cause verdict; and 2) that the court erred in giving or failing to give certain instructions to the jury. As frequently is the case, the trial court may not have articulated the instructions given in such fashion as was hoped for, or it may have been the source of disappointment in not giving those requested, but an examination of those given impresses us that they reasonably and without prejudice, covered the facts and law involved here, in spite of any slight abortion in articulation or questionable pregnancy in their conception.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.